**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| JOVAN FORD )<br>3524 Wyoga Road, Apt. 201 )<br>Cuyahoga Falls, OH 44224 )<br> )<br>    Plaintiff, )<br> )<br>    v. )<br> )<br>FOSTER AND MONROE LLC )<br>3770 Transit Road )<br>Orchard Park, NY 14127 )<br> )<br>    and )<br> )<br>SECURITY CREDIT SERVICES, LLC )<br>306 Enterprise Drive )<br>Oxford, MS 38655 )<br> )<br>    Defendants. ) | No. |

### PLAINTIFF'S COMPLAINT

Plaintiff, JOVAN FORD, by and through her attorney, Jack S. Malkin, alleges the following against Defendants, FOSTER AND MONROE LLC and SECURITY CREDIT SERVICES, LLC ("Foster and Monroe" and "SCS" respectively and "Defendants" collectively):

### INTRODUCTION

1. Counts I and III of Plaintiff's Complaint are based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

2. Counts II and IV of Plaintiff's Complaint are based on the Ohio Consumer Sales Practices Act, Ohio Rev. Code § 1345.01 et seq. ("OCSPA").

## JURISDICTION AND VENUE

3.  This court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337, 1367 and 15 U.S.C. § 1692k (FDCPA).

4.  Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

5.  This court has supplemental jurisdiction over the state claims alleged herein pursuant to 28 U.S.C. § 1367 because they are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."

6.  Venue and personal jurisdiction in this district are proper because Defendants do or transact business within this district, and a material portion of the events at issue occurred in this district.

## PARTIES

7.  Plaintiff is a natural person residing in the City of Cuyahoga Falls, Summit County, State of Ohio.

8.  Plaintiff is a "consumer" as that term is defined by the FDCPA.

9.  Plaintiff allegedly owes a "debt" as that term is defined by the FDCPA.

10. Defendants are "debt collectors" as that term is defined by the FDCPA.

11. Defendants are "suppliers" as that term is defined by the OCSPA.

12. The debt allegedly owed by Plaintiff arose from a "consumer transaction" as that term is defined by the OCSPA.

13. Within the last year, Defendants attempted to collect a consumer debt from Plaintiff.

14. Foster and Monroe is a New York limited liability company and national debt collection

2

agency headquartered in the Town of Orchard Park, Erie County, State of New York.

15. SCS is a Mississippi limited liability company, national debt collection agency, and debt buyer headquartered in the Town of Orchard Park, Erie County, State of New York.

16. Defendants are business entities engaged in the collection of debt within the State of Ohio.

17. The principal purpose of Defendants' businesses is the collection of debts allegedly owed to themselves or third parties.

18. Defendants regularly collect, or attempt to collect, debts allegedly owed to third parties or debts it purchased from third parties.

19. During the course of its attempts to collect debts, Defendants send to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

20. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers

**FACTUAL ALLEGATIONS**

21. Defendants are attempting to collect a consumer debt from Plaintiff, which is allegedly owed by Plaintiff arising from a household furniture purchase from Freedom Stores in 2009.

22. Plaintiff's alleged debt owed arises from transactions for personal, family, or household purposes.

23. On or about March 17, 2011, the alleged debt was reduced to a money judgment.

24. At all times relevant hereto, SCS was the owner of the above-referenced Freedom Stores account and assignee of the resulting money judgment.

25. At all times relevant hereto, Foster and Monroe was engaged by SCS to collect the above-referenced debt/money judgment from Plaintiff.

26. Plaintiff's alleged debt owed arises from transactions for personal, family, or household purposes.

27. Foster and Monroe calls Plaintiff on his cellular telephone at 330-348-1358 in an attempt to collect the alleged debt.

28. Plaintiff has answered at least one of Foster and Monroe's collection calls.

29. During the above-referenced collection call:

   a. Foster and Monroe's collector identified himself as Mark Roberts, a Judge Advocate General ("JAG") officer;

   b. Foster and Monroe's collector addressed Plaintiff as Private First Class ("PFC") Ford;

   c. Foster and Monroe's collector demanded payment from Plaintiff for payment of the alleged debt;

   d. Foster and Monroe's collector told Plaintiff that Plaintiff owes $4,000.00 to pay off the judgment, but that he was authorized to accept $2,000.00 to satisfy the judgment;

   e. Foster and Monroe's collector told Plaintiff that if Plaintiff did not pay the settlement amount in full, or set up a payment plan, Defendants would levy Plaintiff's bank account, garnish Plaintiff's Supplemental Security Disability Income ("SSDI") benefits, and garnish Plaintiff's military disability benefits; and

   f. In fear of Foster and Monroe's collector's threats, Plaintiff agreed to a monthly payment plan of $156.69 per month.

30. Plaintiff has paid a total of not less than $1,096.83 to Foster and Monroe in response to its collector's threats and coercion.

31. In connection with the above-referenced collection calls, Foster and Monroe also leaves voicemail messages for Plaintiff.

32. The above-referenced voicemail messages failed to disclose that the calls were coming from Foster and Monroe LLC.

33. The above-referenced voicemail messages failed to disclose that the calls were made in an attempt to collect a debt and that any information obtained will be used for that purpose.

34. Foster and Monroe also sends email messages to Plaintiff, which are sent from an email address "militarycreditdivision@fosterandmonroe.com" and contain "Military Credit Division" of "Foster and Monroe LLC" in the signature block.

35. Foster and Monroe's repeated references to the military and use of military ranks and titles were used solely to intimidate and coerce Plaintiff into payment of the alleged debt.

36. Foster and Monroe's above-referenced actions coerced Plaintiff into payment of the alleged debt.

37. The natural consequences of Foster and Monroe's actions was to unjustly condemn and vilify Plaintiff for his non-payment of the debt Plaintiff allegedly owes.

38. The natural consequences of Foster and Monroe's actions was to produce an unpleasant and/or hostile situation between Foster and Monroe and Plaintiff.

39. The natural consequences of Foster and Monroe's actions was to cause Plaintiff mental distress.

**COUNT I:**
**FOSTER AND MONROE, LLC VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

40. Foster and Monroe violated the FDCPA based on the following:

    a.  Foster and Monroe violated § 1692d of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt when Foster and Monroe engaged in all of the harassing, oppressing, and abusive misconduct alleged above;

    b.  Foster and Monroe violated § 1692d(6) of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity when Foster and Monroe called Plaintiff and left voicemail messages for Plaintiff that failed to state that the calls were from Foster and Monroe LLC;

    c.  Foster and Monroe violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when Foster and Monroe engaged in, at least, the following discrete violations of § 1692e;

    d.  Foster and Monroe violated § 1692e(1) of the FDCPA by its false representation or implication that the debt collector is vouched for, bonded by, or affiliated with the United States when its collector identified himself as a JAG officer and addressed Plaintiff as PFC Ford;

    e.  Foster and Monroe further violated § 1692e(1) of the FDCPA with its use of the "militarycreditdivision@fosterandmonroe.com" email address to contact Plaintiff and using "Military Credit Division" of "Foster and Monroe LLC" in the signature block of the emails;

f. Foster and Monroe violated § 1692e(2)(A) of the FDCPA by its false representation of the character, amount, or legal status of any debt when Foster and Monroe's collector made empty threats that Defendants would levy Plaintiff's bank account, garnish Plaintiff's SSDI benefits, and garnish Plaintiff's military disability benefits;

g. Foster and Monroe violated § 1692e(4) of the FDCPA by its representation or implication that nonpayment of any debt will result the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action when Foster and Monroe's collector made empty threats that Defendants would levy Plaintiff's bank account, garnish Plaintiff's SSDI benefits, and garnish Plaintiff's military disability benefits;

h. Foster and Monroe violated § 1692e(5) of the FDCPA by its threat to take any action that cannot legally be taken or that is not intended to be taken when Foster and Monroe's collector made empty threats that Defendants would levy Plaintiff's bank account, garnish Plaintiff's SSDI benefits, and garnish Plaintiff's military disability benefits;

i. Foster and Monroe violated § 1692e(9) of the FDCPA with its use or distribution of any written communication which simulates or is falsely represented to be a document authorized, issued, or approved by any court, official, or agency of the United States or any State, or which creates a false impression as to its source, authorization, or approval when it used the "militarycreditdivision@fosterandmonroe.com" email address to contact Plaintiff

7

and using "Military Credit Division" of "Foster and Monroe LLC" in the signature block of the emails;

j.    Foster and Monroe violated § 1692e(10) of the FDCPA by using any false representation or deceptive means to collect or attempt to collect any debt when Foster and Monroe engaged in, at least, all of the other discrete violations of § 1692e alleged herein;

k.    Foster and Monroe violated § 1692e(11) of the FDCPA by its failure to disclose in its communications with the Plaintiff that it is attempting to collect a debt and that any information obtained will be used for that purpose when Foster and Monroe failed to make such disclosures when it left voicemail messages for Plaintiff;

l.    Foster and Monroe violated § 1692f of the FDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt when Foster and Monroe engaged in all of the misconduct alleged herein; and

m.    Foster and Monroe violated § 1692f(6) of the FDCPA by taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if— (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest; (B) there is no present intention to take possession of the property; or (C) the property is exempt by law from such dispossession or disablement when Foster and Monroe's collector made empty threats that Defendants would levy Plaintiff's bank account, garnish Plaintiff's SSDI benefits, and garnish Plaintiff's military disability benefits.

WHEREFORE, Plaintiff, JOVAN FORD, respectfully request judgment be entered, both jointly and severally, against Defendant, FOSTER AND MONROE LLC, for the following:

8

    a. Actual damages of not less than $1,096.83 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

    b. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

    c. Costs and reasonable attorneys' fees for each Plaintiff pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

    d. Any other relief that this Honorable Court deems appropriate.

**COUNT II:**
**FOSTER AND MONROE LLC VIOLATED THE OHIO CONSUMER SALES PRACTICES ACT**

41. Plaintiff incorporates here by reference the foregoing paragraphs 1 through 39 of this Complaint as though fully stated herein under Count II of Plaintiff's Complaint.

42. Foster and Monroe's above-referenced conduct was unfair and deceptive pursuant to § 1345.02 of the OCSPA.

43. Foster and Monroe's above-referenced acts or practices were unconscionable pursuant to § 1345.03 of the OCSPA.

44. Foster and Monroe knowingly committed acts or practices that violated the OCSPA.

WHEREFORE, Plaintiff, JOVAN FORD, respectfully requests that judgment be entered, both jointly and severally, against Defendant, FOSTER AND MONROE LLC for the following:

    a. Actual economic damages of not less than $1,096.83 pursuant § 1345.09(A) of the OCSPA or trebled actual economic damages pursuant to § 1345.09(B) of the OCSPA;

    b. Non-economic damages of $5,000.00 pursuant § 1345.09(A) or § 1345.09(B) of the OCSPA;

9

     c. Statutory damages of $200.00, if determined to be applicable, pursuant to § 1345.09(B) of the OCSPA;

     d. Costs and reasonable attorneys' fees pursuant to § 1345.09(F) of the OCSPA; and

     e. Any other relief that this Honorable Court deems appropriate.

**COUNT III:**
**SECURITY CREDIT SERVICES, LLC VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

45. Plaintiff incorporates here by reference the foregoing paragraphs 1 through 40 of this Complaint as though fully stated herein under Count III of Plaintiff's Complaint.

46. As alleged above, SCS is a debt collector as defined by the FDCPA.

47. SCS engaged the services of fellow debt collector Foster and Monroe to collect the alleged debt from Plaintiff.

48. SCS has the burden to monitor the activities of Foster and Monroe.

49. Foster and Monroe violated the FDCPA.

50. SCS is vicariously liable for the unlawful collection activities carried out by Foster and Monroe on its behalf.

WHEREFORE, Plaintiff, JOVAN FORD, respectfully requests that judgment be entered, both jointly and severally, against Defendant, SECURITY CREDIT SERVICES, LLC for the following:

     a. Actual damages of not less than $1,096.83 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

     b. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

     c. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices

Act, 15 U.S.C. § 1692k; and

 d. Any other relief that this Honorable Court deems appropriate.

**COUNT IV**
**SECURITY CREDIT SERVICES, LLC VIOLATED THE OHIO CONSUMER SALES**
**PRACTICES ACT**

51. Plaintiff incorporates here by reference the foregoing paragraphs 1 through 39 and 41 through 44 of this Complaint as though fully stated herein under Count IV of Plaintiff's Complaint.

52. As alleged above, SCS is a supplier as defined by the OCSPA.

53. SCS engaged the services of fellow supplier Foster and Monroe to collect the alleged debt from Plaintiff.

54. SCS has the burden to monitor the activities of Foster and Monroe.

55. Foster and Monroe violated the OCSPA.

56. SCS is vicariously liable for the unlawful collection activities carried out by Foster and Monroe on its behalf.

 WHEREFORE, Plaintiff, JOVAN FORD, respectfully requests that judgment be entered, both jointly and severally, against Defendant, SECURITY CREDIT SERVICES, LLC for the following:

 a. Actual economic damages of not less than $1,096.83 pursuant § 1345.09(A) of the OCSPA or trebled actual economic damages pursuant to § 1345.09(B) of the OCSPA;

 b. Non-economic damages of $5,000.00 pursuant § 1345.09(A) or § 1345.09(B) of the OCSPA;

c.  Statutory damages of $200.00, if determined to be applicable, pursuant to § 1345.09(B) of the OCSPA;

d.  Costs and reasonable attorneys' fees pursuant to § 1345.09(F) of the OCSPA; and

e.  Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,


June 02, 2020     By:/s/ Jack S. Malkin
          Jack S. Malkin, Esq.
          Ohio Bar Number: 0034018
          20600 Chagrin Blvd., Suite 750
          Shaker Heights, OH 44122
          Tel: 216-751-7708
          jmalkin23@hotmail.com
          Attorney for Plaintiff